## COMMONWEALTH EX REL. v. H. M. MILLER.

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued May 1, 1889—Affirmed at Bar.

A city of less than 10,000 inhabitants, which was incorporated prior to the act of May 23, 1874, P. L. 230, dividing cities of the state into three classes, and afterwards adopted the provisions of that act, became thereby a city of the third class, and persons licensed to sell liquors by retail therein under the act of May 13, 1887, P. L. 108, are required to pay a license fee of $500: Commonwealth v. Smoulter, ante, p. 137, followed.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 431 January Term 1889, Sup. Ct.; court below, No. 29 May Term 1889, C. P.

On March 5, 1889, a petition was filed by Joseph Hoenig, praying for a writ of mandamus against Henry M. Miller, treasurer of Crawford county, commanding him to receive from the petitioner the sum of $300.75, or such sum as the court should determine, and to issue therefor the proper voucher to enable the petitioner to obtain from the clerk of the Court of Quarter Sessions, the license to sell liquors at retail, lately theretofore granted to the petitioner by said court.

Answer: Issue.

On March 9, 1889, the court HENDERSON, P. J., filed the following opinion:

This case arises on the petition of Joseph Hoeing for a mandamus to the county treasurer.

The petitioner sets forth that he is a resident of the city of Titusville, county of Crawford; that on February 28, 1889, the Court of Quarter Sessions of Crawford county granted to him a license to sell liquor at retail, at his hotel in the city of Titusville; that on March 4, 1889, he tendered to said respondent the sum of $300.75 as a license fee, and demanded from the treasurer a receipt therefor, to enable him to obtain from the clerk of courts the certificate of the license theretofore granted; that the respondent refused to accept the said sum of $300.75, but demanded the sum of $500.75, claiming that the last mentioned sum was the amount due as a license fee by the relator to the respondent. The relator further represents that the city of Titusville is not now, and never has been, a city of the first, second or third class, as designated by law, and that therefore the license fee due by him is $300 and not $500.

The return of the respondent sets forth that the city of Titusville was incorporated previously to the adoption of the new constitution of Pennsylvania, and that in conformity with the provisions of § 57, act of May 23, 1874, P. L. 230, said city accepted and adopted the provisions of said act, and its supplements, on December 17, 1877, and that thereby it became a city of the third class, according to the classification of cities by the said act; and that it is a city of the third class, within the meaning of § 8, act of May 13, 1887, P. L. 108, and that the relator is liable for the payment of the license fee of $500, in accordance with the provisions of said last mentioned act.

To this return the relator filed a replication, which on the argument of the case was treated by the respective counsel as a demurrer; by which the relator denies that by the acceptance and adoption on the part of said city of the act of May 23, 1874, it thereby became a city of the third class, under the provisions of said act, or that it thereby became a city of the third class within the meaning of § 8, act of May 13, 1887.

The pleadings raise the question whether the city of Titusville by adopting the provisions of the act of May 23, 1874, became a city of the third class within the meaning of that act, and whether it thereby comes within the classification of the act of May 13, 1887, requiring licensees to sell liquors in cities of the first, second and third classes to pay a license fee of $500.

The 57th section of the act of May 23, 1874, provides that "any city of the third class or any city of a less population than ten thousand inhabitants, heretofore incorporated, may become subject to the provisions of this act, governing such cities of the third class to be hereinafter incorporated." It is admitted that Titusville was incorporated before the adoption of the act of May 23, 1874, and that it had not then and has not since had a population of ten thousand inhabitants. While it is true that by the terms of § 1, act of May 23, 1874, cities of the commonwealth having less than ten thousand inhabitants were not included in the general classification of cities, yet it is manifest from the terms of § 57 of the same act that it was in the contemplation of the legislature that cities then existing with a less population than ten thousand might, by accepting the provisions of that act, become cities of the third class, and as such governed by the provisions of said act. In Reading City v. Savage, 124 Pa. 328, the Supreme Court, referring to the last mentioned section of this act, said: "This portion of the act had universal application over all parts of the state, and is clearly a general law. Into this class it was made competent for any city having the requisite population, and also, for any city having less than ten thousand inhabitants, and all of which had been previously incorporated, to come, so as to be governed by those provisions of the act of 1874, which related to the government of cities of the third class, by pursuing the directions of the 57th section." The

language of this section and the interpretation given to it in the opinion quoted, makes it clear that the city of Titusville, in accepting and adopting the provisions of the act of 1874, became a city of the third class under that act; and while it may be questionable whether the classification of the act of May, 1887, was adopted with reference to the classification of the act of May 23, 1874, we incline to the opinion that the license fee due from persons licensed to sell liquor at retail in cities of the first, second and third classes, as classified by the act of 1874, are required to pay a license fee of $500, and therefore, that the relator is not entitled to the relief sought in this proceeding.

A mandamus is therefore refused, at the cost of the relator.

Thereupon, the relator took this writ, assigning as error the refusal to award the writ of mandamus as prayed for.

*Mr. Julius Byles*, for the plaintiff in error.

*Mr. George F. Davenport* and *Mr. F. P. Ray*, for the defendant in error.

PER CURIAM:
This case is ruled by Commonwealth v. Smoulter, decided at the present term of the court, and not yet reported.*
The judgment is affirmed.

*Commonwealth v. Smoulter, ante, p. 137.